UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
RECEIPT # _____
AMOUNT $ 150 _____
SUMMONS ISSUED 1-2 _____
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. M _____
DATE 12-3-04 _____
```

NORTH AMERICAN SPECIALTY
INSURANCE COMPANY,

    Plaintiff,

v.

DURGIN PAINTING, INC., DONALD
DURGIN and PATRICIA DURGIN,

    Defendants.

CIVIL ACTION NO.

04 CV 12541 JLT

MAGISTRATE JUDGE Collings

**COMPLAINT**

The plaintiff, North American Specialty Insurance Company ("NAS"), for a cause of action against Durgin Painting, Inc., Donald Durgin and Patricia Durgin (hereinafter collectively referred to as the "Defendants" or "Indemnitors"), states as follows:

### PARTIES

1. The plaintiff, North American Specialty Insurance Company ("NAS"), is an Illinois corporation authorized to do business and issue surety bonds in Massachusetts with a principal place of business located at 1200 Arlington Heights Road, Suite 400, Itasca, Illinois.

2. The defendant, Durgin Painting, Inc. ("Durgin"), upon information and belief, is a Massachusetts corporation with a principal place of business located in Orleans, Massachusetts.

3. The defendant, Donald Durgin, upon information and belief, is an individual residing at 7 Tom's Hollow Road, Orleans, Massachusetts.

4. The defendant, Patricia Durgin, upon information and belief, is an individual residing at 7 Tom's Hollow Road, Orleans, Massachusetts.

1

## BACKGROUND

5. At all times relevant hereto, NAS has been in the business of, among other things, issuing performance and payment surety bonds to various contractors to secure their performance on various construction projects.

6. Durgin is or was in the business of construction contracting.

7. On or about June 17, 2001, the Defendants executed an Agreement of Indemnity (the "Indemnity Agreement") in favor of NAS. A true and correct copy of the Indemnity Agreement is attached hereto as <u>Exhibit A</u> and incorporated herein by reference.

8. As a direct and proximate result of the Defendants executing the Indemnity Agreement, and in reliance thereon, NAS, as surety, issued various surety bonds at the request and on behalf of Durgin, as principal, for various projects in Massachusetts.

9. On or about February 25, 2004, NAS paid $58,842.00 to settle a claim made by New England Scaffolding against a payment bond issued by NAS, as surety, on behalf of Durgin, as principal, relative to the Stoughton Road Water Storage Tank Painting project. NAS also paid $7,347.55 to settle a claim made by New England Scaffolding against a payment bond issued by NAS, as surety, on behalf of Durgin, as principal, relative to the project known as "Contract No. 2002-1 – for Coating Rehabilitation on the 3.0 Million Gallon Water Storage Standpipe Along with Miscellaneous Appurtenant Work" for the Brewster Water Department.

10. On or about February 25, 2004, NAS paid $23,670.75 to settle a claim made by Tnemec Company, Inc. against a payment bond issued by NAS, as surety, on behalf of Durgin, as principal, relative to the Stoughton Road Water Storage Tank Painting project.

11. As a direct and proximate result of the claims made on bonds issued by NAS on behalf of Durgin, NAS sustained losses in the form of a payments to New England Scaffolding and Tnemec Company in the amount of $85,860.03, plus attorneys' fees and expenses incurred in the investigation, defense and resolution of claims made on the bonds.

12. The Indemnity Agreement (Second Paragraph) provides that "[t]he indemnitors shall exonerate, indemnify and keep indemnified the Surety from and against any and all liability for losses and/or expenses of whatsoever kind or nature (including, but not limited to, interest, court costs and counsel fees) and from and against any and all such losses and/or expenses which the Surety may sustain and incur: (1) By reason of having executed or procured the execution of the Bonds, (2) By reason of the failure of the indemnitors to perform or comply with the covenants and conditions of this Agreement, or (3) In enforcing any of the covenants and conditions of this Agreement."

13. In accordance with its rights under the Indemnity Agreement, NAS made demand upon the Defendants to reimburse and hold NAS harmless from all loss, costs and expenses it incurred as a result of claims made on the bonds. To date, the Defendants have failed and/or refused to reimburse NAS in accordance with their obligations under the Indemnity Agreement.

14. NAS has sustained and expects to sustain further losses in the form of additional attorneys' fees and expenses in enforcing the terms of the Indemnity Agreement in this litigation, all of which is recoverable under the specific terms and conditions of the Indemnity Agreement.

15. NAS has complied with all conditions precedent to commencing this action.

## COUNT I

### (Indemnity)

16. NAS repeats and incorporates herein by reference the allegations contained in paragraphs 1 though 15, as if set forth at length here.

17. As a direct and proximate result of NAS's execution of bond on behalf of its principal, Durgin, and at the request of the Defendants, and based upon the payment of claims, attorneys' fees and expenses related thereto, NAS has sustained losses, and anticipates sustaining further losses in prosecuting this action.

3

18. Despite demands from NAS to the Defendants to hold NAS harmless from all loss, costs and expenses NAS incurred in connection with claims on the bonds, the Defendants have failed and/or refused to comply.

19. As a result of the foregoing, the Defendants are jointly and severally liable, as indemnitors, to NAS for all losses, costs and expenses incurred in relation to claims made on bonds issued by NAS on behalf of Durgin, in addition to the costs, expenses and attorneys' fees incurred in prosecuting this action, all in accordance with the specific terms and conditions of the Indemnity Agreement.

## COUNT II

### (Common Law Indemnity)

20. NAS repeats and incorporates herein by reference the allegations contained in paragraphs 1 though 19, as if set forth at length here.

21. As a direct and proximate result of NAS's issuance, as surety, of bonds on behalf of its principal, Durgin, and at the request of the Defendants, NAS has sustained losses and expenses, and anticipates sustaining further losses and expenses in prosecuting this claim for indemnity.

22. Pursuant to NAS's common law right of indemnity, the Defendants are jointly and severally liable to NAS for all losses, costs, expenses, and attorneys' fees incurred in relation to claims on the bonds, in addition to the costs, expenses, and attorneys' fees incurred in prosecuting this action.

## COUNT III

### (Breach of Contract)

23. NAS repeats and incorporates herein by reference the allegations contained in paragraphs 1 though 22, as if set forth at length here.

24.     Pursuant to the Indemnity Agreement, the Defendants are required to hold NAS harmless or otherwise reimburse NAS for its losses and expenses as set forth above.

25.     Despite demand from NAS to the Defendants to reimburse NAS for all of its incurred losses, the Defendants have refused to comply.

26.     The Defendants' failure to make payment upon demand constitutes a breach of the Indemnity Agreement for which the Defendants are jointly and severally liable.

## PRAYERS FOR RELIEF

WHEREFORE, the plaintiff, North American Specialty Insurance Company, prays that this Honorable Court enter judgment in its favor against the Defendants, jointly and severally, to compensate NAS for the losses that NAS incurred in connection with claims made on bonds issued on behalf of Durgin, as well as NAS's attorneys' fees, costs and expenses incurred in prosecuting this action, all in accordance with the specific terms and conditions of the Indemnity Agreement, plus interest as allowed by contract or by law, and such other relief as this Court may deem just and appropriate.

Respectfully submitted,

NORTH AMERICAN SPECIALTY INSURANCE COMPANY,

By its attorneys,

Bradford R. Carver (BBO #565396)
Eric H. Loeffler (BBO#641289)
CETRULO & CAPONE LLP
Two Seaport Lane, 10th Floor
Boston, MA 02210
(617) 217-5500

Dated: December 2, 2004

Case 1:04-cv-12541-JLT    Document 1    Filed 12/03/2004    Page 6 of 12

# Agreement of Indemnity

**North American Specialty Insurance Company**
Manchester, New Hampshire 03101

THIS AGREEMENT entered into by and between the undersigned, herein called Indemnitors, and North American Specialty Insurance Company, located in Manchester, New Hampshire, and herein called Surety, witnesseth:

WHEREAS, in the transaction of business certain bonds, undertakings, and other writings obligatory in the nature of a bond have heretofore been, and may hereafter be, required by, for, or on behalf of the Indemnitors or any one or more of the parties included in the designation Indemnitors, and application has been made and will hereafter be made to the Surety to execute such bonds, and as a prerequisite to the execution of such bond or bonds, the Surety requires complete indemnification,

WHEREAS, it may be necessary or desirable for North American Specialty Insurance Company to execute bonds as Surety for or on behalf of the Indemnitors.

WHEREAS, the Indemnitors have a substantial material and beneficial interest in the obtaining of the Bonds or in the Surety's refraining from cancelling said Bonds.

NOW, THEREFORE, in consideration of the premises the Indemnitors for themselves, their heirs, executors, administrators, successors and assigns, jointly and severally, hereby covenant and agree with the Surety, its successors and assigns, as follows:

## PREMIUMS

FIRST: The Indemnitors will pay to the Surety in such manner as may be agreed upon all premiums and charges of the Surety for the Bonds in accordance with its rate filings, its manual of rates, or as otherwise agreed upon until the Indemnitors shall serve evidence satisfactory to the Surety of its discharge or release from the Bonds and all liability by reason thereof.

## INDEMNITY

SECOND: The Indemnitors shall exonerate, indemnify, and keep indemnified the Surety from and against any and all liability for losses and/or expenses of whatsoever kind or nature (including, but not limited to, interest, court costs and counsel fees) and from and against any and all such losses and/or expenses which the Surety may sustain and incur: (1) By reason of having executed or procured the execution of the Bonds, (2) By reason of the failure of the Indemnitors to perform or comply with the covenants and conditions of this Agreement or (3) In enforcing any of the covenants and conditions of this Agreement. Payment by reason of the aforesaid causes shall be made to the Surety by the Indemnitors as soon as liability exists or is asserted against the Surety, whether or not the Surety shall have made any payment therefor. Such payment shall be equal to the amount of the reserve set by the Surety. In the event of any payment by the Surety, the Indemnitors further agree that in any accounting between the Surety and the Indemnitors, the Surety shall be entitled to charge for any and all disbursements made by it in good faith in and about the matters herein contemplated by this Agreement under the belief that it is or was liable for the sums and amounts so disbursed, or that it was necessary or expedient to make such disbursements, whether or not such liability, necessity or expediency existed-, and that the vouchers or other evidence of any such payments made by the Surety shall be prima facie evidence of the fact and amount of the liability to the Surety.

## ASSIGNMENT

THIRD: If such bond be given in connection with a contract, the Contractor, the Indemnitors hereby consenting, will assign, transfer and set over, and does hereby assign, transfer and set over to the Surety, as collateral, to secure the obligations in any and all of the paragraphs of this Agreement and any other indebtedness and liabilities of the Contractor to the Surety, whether heretofore or hereafter incurred, the assignment in the case of each contract to become effective as of the date of the bond covering such contract, but only in the event of (1) any abandonment, forfeiture or breach of any contracts referred to in the Bonds or of any breach of any said Bonds- or (2) any breach of the provisions of any of the paragraphs of this Agreement, or (3) of a default in discharging such other indebtedness or liabilities when due or (4) of any assignment by the Contractor for the benefit of creditors, or of the appointment, or of any application for the appointment, of a receiver or trustee for the Contractor whether insolvent or not-, or (5) of any proceeding which deprives the Contractor of the use of any of the machinery, equipment, plant, tools or material referred to in section (b) of this paragraph; or (6) of the Contractor's dying, absconding, disappearing, incompetency, being convicted of a felony, or imprisoned if the Contractor be an individual: (a) All the rights of the Contractor in, and growing in any manner out of, all contracts referred to in the Bonds, or in, or growing in any manner out of the Bonds, (b) All the rights, title and interest of the Contractor in and to all machinery, equipment, plant, tools and materials which are now, or may hereafter be, about or upon the site or sites of any and all of the contractual work referred to in the Bonds or elsewhere, including materials purchased for or chargeable to any and all contracts referred to in the bonds, materials which may be in process of construction, in storage elsewhere, or in transportation to any and all of said sites- (c) All the rights, title and interest of the Contractor in and to all subcontracts let or to be let in connection with any and all contracts referred to in the Bonds, and in and to all surety bonds supporting such subcontracts, (d) All actions, causes of actions, claims and demands whatsoever which the Contractor may have or acquire against any subcontractor, laborer or materialman, or any person furnishing or agreeing to furnish or supply labor, material, supplies, machinery, tools or other equipment in connection with or on account of any and all contracts referred to in the Bonds; and against any surety or sureties of any subcontractor, laborer, or materialman; (e) Any and all percentages retained and any and all sums that may be due or hereafter become due on account of any and all contracts referred to in the Bonds and all other contracts whether bonded or not in which the Contractor has an interest.

## TRUST FUND

FOURTH: If any of the Bonds are executed in connection with a contract which by its terms or by law prohibits the assignment of the contract price, or any part thereof, the Indemnitors covenant and agree that all payments received for or on account of said contract shall be held as a trust fund in which the Surety has an interest, for the payment of obligations incurred in the performance of the contract and for labor, materials, and services furnished in the prosecution of the work provided in said contract or any authorized extension or modification thereof, and, further, it is expressly understood and declared that all monies due and to become due under any contract or contracts covered by the Bonds are trust funds, whether in the possession of the Indemnitors or otherwise, for the benefit of and for payment of all such obligations in connection with any such contract or contracts for which the Surety would be liable under any of said Bonds, which said trust also inures to the benefit of the Surety for any liability or loss it may have or sustain under any said Bonds, and this Agreement and declaration shall also constitute notice of such trust.

## UNIFORM COMMERCIAL CODE

FIFTH: That this Agreement shall constitute a Security Agreement to the Surety and also a Financing Statement, both in accordance with the provisions of the Uniform Commercial Code of every jurisdiction wherein such Code is in effect and may be so used by the Surety without in any way abrogating, restricting or limiting the rights of the Surety under this Agreement or under law, or in equity.

the       on or forfeited any contr.     . or contracts covered by any s.        unds, or r... failed to pay obligations incurred in con.      on therewith, or in the event of the death, disappearance, Contractor's conviction for a felony, imprisonment, incompetency, insolvency, or bankruptcy of the Contractor, or the appointment of a receiver or trustee for the Contractor, or the property of the Contractor, or in the event of an assignment for the benefit of creditors of the Contractor, or if any action is taken by or against the Contractor under or by virtue of the National Bankruptcy Act, or should reorganization or arrangement proceedings be filed by or against the Contractor under said Act, or if any action is taken by or against the Contractor under the insolvency laws of any state, possession, or territory of the United States, the Surety shall have the right, at its option and in its sole discretion and is hereby authorized, with or without exercising any other right or option conferred upon it by law or in the terms of this Agreement, to take possession of any part or all of the work under any contract or contracts covered by any said Bonds, and at the expense of the Indemnitors to complete or arrange for the completion of the same, and the Indemnitors shall promptly upon demand pay to the Surety all losses, and expenses so incurred.

## CHANGES

SEVENTH: The Surety is authorized and empowered, without notice to or knowledge of the Indemnitors to assent to any change whatsoever in the Bonds, and/or any contracts referred to in the Bonds, and/or in the general conditions, plans and/or specifications accompanying said contracts, including, but not limited to, any change in the time for the completion of said contracts and to payments or...
assignments, to execute or consent to the execution of any continuation...
any substitute or substitutes therefor, with the same or different conditions, provisions...
or smaller penalties, it being expressly understood and agreed that the Indemnitors...
Agreement even though any such assent by the Surety does or might substantial...

EIGHTH: In the event of any claim or demand being made by the Surety against...
parties so designated, by reason of the execution of a bond or bonds, the Com...
with any one or more of the Indemnitors individually, and without reference to th...
shall not affect the liability of any of the others, and we hereby expressly waive...
reason of the release of one or more of the joint debtors, and hereby consent to...
hereafter be made.

NINTH: The liability of the Indemnitors hereunder shall not be affected by the failure...
nor by any claim that other indemnity or security was to have been obtained, nor by the release...
or exchange of any collateral that may have been obtained and if any party signing this Agreement...
reason, this Agreement shall still be binding upon each and every other party.

## ADVANCES

TENTH: The Surety is authorized and empowered to guarantee loans, to advance or lend to the Contractor any money, which the Surety may see fit, for the purpose of any contracts referred to in, or guaranteed by the Bonds- and all money expended in the completion of any such contracts by the Surety, or lent or advanced from time to time to the Contractor, or guaranteed by the Surety for the purposes of any such contracts, and all costs, and expenses incurred by the Surety in relation thereto, unless repaid with legal interest by the Contractor to the Surety when due, shall be presumed to be a loss by the Surety for which the Indemnitors shall be responsible, notwithstanding that said money or any part thereof should not be so used by the Contractor.

## BOOKS AND RECORDS

ELEVENTH: At any time, and until such time as the liability of the Surety under any and all said Bonds is terminated, the Surety shall have the right to reasonable access to the books, records, and accounts of the Indemnitors; and any bank depository, materialman, supply house, or other person, firm, or corporation when requested by the Surety is hereby authorized to furnish the Surety any information requested including, but not limited to, the status of the work under contracts being performed by the Contractor, the condition of the performance of such contracts and payments of accounts.

## DECLINE EXECUTION

TWELFTH: Unless otherwise specifically agreed in writing, the Surety may decline to execute any Bond and the Indemnitors agree to make no claim to the contrary in consideration of the Surety's receiving this Agreement; and if the Surety shall execute a Bid or Proposal Bond, it shall have the right to decline to execute any and all of the bonds that may be required in connection with any award that may be made under the proposal for which the Bid or Proposal Bond is given and such declination shall not diminish or alter the liability that may arise by reason of having executed the Bid or Proposal Bond.

## NOTICE OF EXECUTION

THIRTEENTH: The Indemnitors hereby waive notice of the execution of said Bonds and of the acceptance of this Agreement, and the Indemnitors hereby waive all notice of any default, or any other act or acts giving rise to any claim under said Bonds, as well as notice of any and all liability of the Surety under said Bonds, and any and all liability on their part hereunder, to the end and effect that, the Indemnitors shall be and continue liable hereunder, notwithstanding any notice of any kind to which they might have been or be entitled, and notwithstanding any defenses they might have been entitled to make.

## HOMESTEAD

FOURTEENTH: The Indemnitors hereby waive, so far as their respective obligations under this Agreement are concerned, all rights to claim any of their property, including their respective homesteads, as exempt from levy, execution, sale or other legal process under the laws of any State, Territory, or Possession.

## SETTLEMENTS

FIFTEENTH: The Surety shall have the right to adjust, settle or compromise any claim, demand, suit or judgment upon the Bonds, unless the Indemnitors shall request the Surety to litigate such claim or demand, or to defend such suit, or to appeal from such judgment, and shall deposit with the Surety, at the time of such request, cash or collateral satisfactory to the Surety in kind and amount, to be used in paying any judgment or judgments rendered or that may be rendered, with interest, costs, expenses and attorneys' fees, including those of the Surety.

SIXTEENTH: Indemnitors agree that their liability shall be construed as the liability of a compensated Surety, as broadly as the liability of the Surety is construed toward its obligees.

SEVENTEENTH: The word Indemnitors, or personal pronouns used to refer to said word, shall apply regardless of number or gender, and to individuals, partnerships or corporations, as the circumstances require.

## SURETIES

EIGHTEENTH: In the event the Surety procures the execution of the Bonds by other sureties, or executes the Bonds with co-sureties, or reinsures any portion of said Bonds with reinsuring sureties, then all the terms and conditions of this Agreement shall inure to the benefit of such other sureties, co-sureties and reinsuring sureties, as their interests may appear.

## SUITS

NINETEENTH: Separate suits may be brought hereunder as causes of action accrue, and the bringing of suit or the recovery of judgment upon any cause of action shall not prejudice or bar the bringing of other suits upon other causes of action, whether theretofore or thereafter arising.

## OTHER INDEMNITY

TWENTIETH: That the indemnitors shall continue to remain bound under the terms of this Agreement even though the Surety may have from time to time heretofore or hereafter, with or without notice to or knowledge of the indemnitors, accepted or released other agreements of indemnity or collateral in connection with the execution or procurement of said Bonds, from indemnitors or others, it being expressly understood and agreed by the Indemnitors that any and all other rights which the Surety may have or acquire against the indemnitors and/or others under any such other or additional agreements of Indemnity or collateral shall be in addition to, and not in lieu of, the rights afforded the Surety under this Agreement.

## INVALIDITY

TWENTY-FIRST: In case any of the parties mentioned in this Agreement fail to execute the same, or in case the execution hereof by any of the parties be defective or invalid for any reason, such failure, defect or invalidity shall not in any manner affect the validity of this Agreement or the liability hereunder of any of the parties executing the same, but each and every party so executing shall be and remain fully bound and liable hereunder to the same extent as if such failure, defect or invalidity had not existed. It is understood and agreed by the Indemnitors that the rights, powers, and remedies given the Surety under this Agreement shall be and are in addition to, and not in lieu of, any and all other rights, powers, and remedies which the Surety may have or acquire against the Indemnitors or others whether by the terms of any other agreement or by operation of law or otherwise.

## ATTORNEY IN FACT

TWENTY-SECOND: The Indemnitors hereby irrevocably nominate, constitute, appoint and designate the Surety as their attorney-in-fact with the right, but not the obligation, to exercise all of the rights of the Indemnitors assigned, transferred and set over to the Surety in this Agreement, and in the name of the Indemnitors to make, execute, and deliver any and all additional or other assignments, documents or papers deemed necessary and proper by the Surety in order to give full effect not only to the intent and meaning of the within assignments, but also to the full protection intended to be herein given to the Surety under all other provisions of this Agreement. The Indemnitors hereby ratify and confirm all acts and actions taken and done by the Surety as such attorney-in-fact.

## TERMINATION

TWENTY-THIRD: This Agreement may be terminated by the Indemnitors upon twenty days' written notice sent by registered mail to the Surety in Manchester, NH 03101, but any such notice of termination shall not operate to modify, bar, or discharge the Indemnitors as to the Bonds that may have been theretofore executed.

TWENTY-FOURTH: This Agreement may not be changed or modified orally. No change or modification shall be effective unless made by written endorsement executed to form a part hereof.

TWENTY-FIFTH: THE INDEMNITORS HEREBY ACKNOWLEDGE THAT THIS AGREEMENT IS INTENDED TO COVER WHATEVER BONDS (WHETHER OR NOT COVERED BY ANY OTHER AGREEMENT OF INDEMNITY SIGNED AT ANY TIME BY ANY ONE OR MORE OF THE INDEMNITORS - ALL OTHER AGREEMENTS OF INDEMNITY OF ANY KIND BEING SUPPLEMENTAL TO THIS), MAY BE EXECUTED BY THE COMPANY ON BEHALF OF THE INDEMNITORS, OR ANY ONE OF THEM (WHETHER CONTRACTING ALONE OR AS A JOINT OR CO-ADVENTURER), FROM TIME TO TIME, AND OVER AN INDEFINITE PERIOD OF YEARS, UNTIL THIS AGREEMENT SHALL BE CANCELED IN ACCORDANCE WITH THE TERMS HEREOF.

TWENTY-SIXTH: ANY PERSON WHO, WITH THE INTENT TO DEFRAUD OR KNOWING THAT HE IS FACILITATING A FRAUD AGAINST AN INSURER, SUBMITS AN APPLICATION OR FILES A CLAIM CONTAINING A FALSE OR DECEPTIVE STATEMENT IS GUILTY OF INSURANCE FRAUD.

TWENTY-SEVENTH: _____

_____

IN TESTIMONY WHEREOF, the Indemnitors have hereunto set their hands and fixed their seals this _____ day of _____, _____.

North American Specialty Insurance Company
(Surety)

By _____   By _____ (Seal)

**Corporate Indemnitors**

| Durgin Painting Inc. | 04-346-2624 |
| FULL CORPORATE NAME | FEDERAL TAX ID |

7 Tom's Hollow Lane, South Orleans, MA 02662
CORPORATE ADDRESS (Include City, State and Zip)

By _____ Signed by: _____
   Witness
Name (typed or printed): Donnie Durgin
Title (typed or printed): President

| | |
| FULL CORPORATE NAME | FEDERAL TAX ID |

_____
CORPORATE ADDRESS (Include City, State and Zip)

By _____ Signed by: _____
   Witness
Name (typed or printed): _____

| Donnie Durgin | | 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 |
|---|---|---|
| FULL NAME OF INDIVIDUAL | | SOCIAL SECURITY NO. |
| 7 Tom's Hollow Lane, South Orleans, MA 02662 | | |
| HOME ADDRESS (Include City, State and Zip) | | |
| By _____ Witness | Signed by: *[signature]* | |
| | Individual Name (typed or printed): Donnie Durgin | |

| Patricia Durgin | | 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 |
|---|---|---|
| FULL NAME OF INDIVIDUAL | | SOCIAL SECURITY NO. |
| 7 Tom's Hollow Lane, South Orleans, MA 02662 | | |
| HOME ADDRESS (Include City, State and Zip) | | |
| By _____ Witness | Signed by: *[signature] Patricia Durgin* | |
| | Individual Name (typed or printed): | |

[Five additional blank individual indemnitor sections follow]

**Partnership Indemnitors**

[Two blank partnership indemnitor sections follow with fields for Full Partnership Name, Federal Tax ID or Social Security No., Partnership Address, By/Witness, Signed by, Name (typed or printed), Title (typed or printed)]

**IMPORTANT: ALL SIGNATURES MUST BE ACKNOWLEDGED ON THE ATTACHED FORM(S)**

State of MASSACHUSETTS
County of Barnstable ss:
On the 17th day of June, 2001 before me personally came
Donnie Durgin

to me known, who, being by me duly sworn, did depose and say that he resides in South Orleans, Mass.
that he is the President of the Durgin Painting, Inc.
_____ the corporation
which executed the attached Agreement of Indemnity; that he knows the seal of the said corporation; that the seal affixed to the said Agreement of Indemnity is such corporate seal; that it was so affixed by order of the Board of Directors of the said corporation, and that he signed his name to the said Agreement of Indemnity by like order.

_Robert F. Cleary_
Notary Public

State of ROBERT F. CLEARY
County of Notary Public ss:
On the _____ day of _____, _____ before me personally came
_____

to me known, who, being by me duly sworn, did depose and say that he resides in _____
that he is the _____ of the _____
_____ the corporation
which executed the attached Agreement of Indemnity; that he knows the seal of the said corporation; that the seal affixed to the said Agreement of Indemnity is such corporate seal; that it was so affixed by order of the Board of Directors of the said corporation, and that he signed his name to the said Agreement of Indemnity by like order.

Notary Public

State of _____
County of _____ ss:
On the _____ day of _____, _____ before me personally came
_____

to me known, who, being by me duly sworn, did depose and say that he resides in _____
that he is the _____ of the _____
_____ the corporation
which executed the attached Agreement of Indemnity; that he knows the seal of the said corporation; that the seal affixed to the said Agreement of Indemnity is such corporate seal; that it was so affixed by order of the Board of Directors of the said corporation, and that he signed his name to the said Agreement of Indemnity by like order.

Notary Public

State of _____
County of _____ ss:
On the _____ day of _____, _____ before me personally came
_____

to me known, who, being by me duly sworn, did depose and say that he resides in _____
that he is the _____ of the _____
_____ the corporation
which executed the attached Agreement of Indemnity; that he knows the seal of the said corporation; that the seal affixed to the said Agreement of Indemnity is such corporate seal; that it was so affixed by order of the Board of Directors of the said corporation, and that he signed his name to the said Agreement of Indemnity by like order.

Notary Public

State of _____
County of _____ ss:
On the _____ day of _____, _____ before me personally came
_____

to me known, who, being by me duly sworn, did depose and say that he resides in _____
that he is the _____ of the _____
_____ the corporation
which executed the attached Agreement of Indemnity; that he knows the seal of the said corporation; that the seal affixed to the said Agreement of Indemnity is such corporate seal; that it was so affixed by order of the Board of Directors of the said corporation, and that he signed his name to the said Agreement of Indemnity by like order.

Notary Public

*CORPORATION ACKNOWLEDGMENT   CORPORATION ACKNOWLEDGMENT   CORPORATION ACKNOWLEDGMENT   CORPORATION ACKNOWLEDGMENT*

On the 17th day of June, 2001, before me personally came
Patricia Durgin

to me known, and known to me to be the individual who executed the attached Agreement of Indemnity, and acknowledged that he executed the same.

_Robert F. Cleary_
Notary Public

ROBERT F. CLEARY
Notary Public
My Commission Expires February 18, 2005

State of MASSACHUSETTS
County of WORCESTER ss:
On the 17th day of June, 2001, before me personally came
Patricia Durgin

to me known, and known to me to be the individual who executed the attached Agreement of Indemnity, and acknowledged that he executed the same.

_Robert F. Cleary_
Notary Public

ROBERT F. CLEARY
Notary Public
My Commission Expires February 18, 2005

State of _____
County of _____ ss:
On the _____ day of _____, _____, before me personally came
_____

to me known, and known to me to be the individual who executed the attached Agreement of Indemnity, and acknowledged that he executed the same.

_____
Notary Public

State of _____
County of _____ ss:
On the _____ day of _____, _____, before me personally came
_____

to me known, and known to me to be the individual who executed the attached Agreement of Indemnity, and acknowledged that he executed the same.

_____
Notary Public

State of _____
County of _____ ss:
On the _____ day of _____, _____, before me personally came
_____

to me known, and known to me to be the individual who executed the attached Agreement of Indemnity, and acknowledged that he executed the same.

_____
Notary Public

INDIVIDUAL ACKNOWLEDGMENT

5 OF 5

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
North American Specialty Insurance Company

**DEFENDANTS**
Durgin Painting, Inc., Donald Durgin and Patricia Durgin

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed   Barnstable
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Eric H. Loeffler, Esq.
Cetrulo & Capone LLP
Two Seport Lane
Boston, MA 02210

04  12541  JLT

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PLF | DEF |  | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury—Med. Malpractice | ☐ 620 Other Food & Drug |  | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws |  | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act |  | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending |  |  | ☐ 875 Customer Challenge 12 USC 3410 |
| ☒ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
|  |  | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS |  | ☐ 863 DIW C/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / Habeas Corpus: | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General |  | FEDERAL TAX SUITS |  |
| ☐ 240 Torts to Land |  ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 540 Mandamus & Other |  |  | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 |  |
|  | ☐ 555 Prison Condition |  |  |  |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
This is an action brought under 28 USC §1332 to enforce a general agreement of indemnity.

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $** $85,860.03
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE 12/2/04
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
RECEIPT # ___   AMOUNT ___   APPLYING IFP ___   JUDGE ___   MAG. JUDGE ___

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __North American Specialty Insurance Company v. Durgin Painting, Inc., et. al.__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☐ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   ☒ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   ☐ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   ☐ V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐   NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐   NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐   NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐   NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☐   NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☒   Central Division ☐   Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☐   Central Division ☐   Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐   NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Eric H. Loeffler, Esq.__
ADDRESS __Cetrulo & Capone LLP, Two Seaport Lane, Boston, MA 02210__
TELEPHONE NO. __617-217-5373__

(Coversheetlocal.wpd - 10/17/02)